FELIX PERLMUTTER *vs.* HIGHLAND STREET RAILWAY COM-
PANY.

Suffolk. Nov. 20, 1876. — Jan. 10, 1877. AMES & ENDICOTT, JJ., absent.

I i an action against a street railway company for unlawfully expelling the plaintiff
from a car, a witness for the plaintiff was asked on cross-examination, whether on
the night of the occurrence the plaintiff told him the cause of his expulsion. The
witness answered, "No, not for two days after." The counsel for the defendant
then said, "Oh, it was two days after, he told you, then," and the witness an-
swered, "Yes." The plaintiff was then allowed to ask the witness what the state-
ment made to him was, and the witness said that the plaintiff told him that he
gave the conductor for his fare a dollar bill, and the conductor gave him fifty cents
less than belonged to him. The jury found that the defendant was justified in
putting the plaintiff off the car, but used unreasonable force in so doing. *Held,*
that the admission of this evidence gave the defendant good ground of exception.

TORT for putting the plaintiff off one of the defendant's cars
in Boston, with excessive force.

At the trial in the Superior Court, before *Pitman*, J., the
plaintiff's evidence tended to show that a conductor of a car of
the defendant's, while stopping at Newton Street, put the plain-
tiff off the rear end of the car by pushing him violently off back-
wards, so that the back of his head struck upon the stone pave-
ment, and he was seriously and permanently injured.

Otis M. Clapp testified that he saw the conductor push the
plaintiff off the car, in this manner, while it was stopping at
Newton Street, and that he went up to him where he lay in the
street and found two men and a woman assisting him. On cross-
examination by the defendant he was asked the question, "Did
Perlmutter, on the night of the accident, tell you the cause of
his expulsion from the car?" To which the witness answered,
"No, not for two days after," and the counsel said, "Oh, it was
two days after, he told you, then," and the witness said, "Yes."
The plaintiff then claimed the right to put in Perlmutter's state-
ment to Clapp, of the cause of his expulsion; the defendant ob-
jected; but the judge admitted it, on the ground that the sub-
ject matter had been thus opened by the defendant; and Clapp
testified that Perlmutter, two or three days after the accident,
told him that he gave the conductor for his fare a dollar bill,
and the conductor gave him fifty cents less than belonged to

him; that he, Clapp, asked him if he had dropped it on the floor would he have known it. He said he would.

The defendant offered evidence tending to show that the plaintiff was, with lawful force, put off the car, because, being intox·icated, he made a false claim of not having obtained back from the conductor the proper change, on the payment to the conductor of a dollar bill for his fare of six cents; and, in the course of such claim, without any justification, struck the conductor with his fist in the face, and that in being so put off the plaintiff was not hurt at all, and that his head did not touch the ground, and was not in any way bruised or injured.

The judge submitted the case to the jury under instructions not objected to, and requested the jury, if they should find for the plaintiff, to answer these two questions:

"1. Was the defendant justified in putting the plaintiff off from its car? 2. Did it use any excessive or unreasonable force in so doing?" The jury answered each of these questions in the affirmative, and found for the plaintiff in the sum of $1000; and the defendant alleged exceptions.

*D. E. Ware*, for the defendant.

*H. N. Sheldon*, for the plaintiff.

MORTON, J. The witness Clapp was asked, on cross-examination, whether at a particular time the plaintiff had told him the cause of his expulsion from the car; instead of replying directly, the witness answered that it was at another time. No question had been asked as to any conversation upon this subject at the latter time, and the repetition by the counsel of the answer of the witness in an interrogative form was for the purpose only of verifying his statement, and not an inquiry as to the subsequent conversation. The assent of the witness to it did not entitle the plaintiff to insist that all the conversation at the latter time should be put in evidence, as it was one which occurred at another time than that of which the plaintiff had inquired.

As this evidence was incompetent, and may have prejudiced the defendant with the jury, we cannot say that it was imma·terial.                              *Exceptions sustained.*